CHANCERY.

Case 50.

May 7.

Statement of the facts.

## *Young &c. vs. Wiseman.*

Appeal from the Fayette Circuit; JESSE BLEDSOE, Judge.

*Mortgagors.   Bar by adverse possession.   Limitation. Slaves.*

Judge MILLS delivered the opinion of the court.

About the last of May, 1815, John D. Young bought of the executors of Hezekiah Harrison, two slaves for $700, and gave his note for the price, with William D. Young as surety, payable

in one or two months. At the time of payment John D. Young failed, and William D. Young his surety then agreed to take the slaves from John, and to pay their price. He accordingly did so, and John D. Young made him a bill of sale absolutely, warranting the title to the slaves against all persons except Robert Wickliffe, to whom John D. Young had executed a mortgage for about the sum of four hundred dollars; and he took possession of the slaves, and paid off and discharged the mortgage of Wickliffe, and continued to hold them undisturbed for about seven years.

Wiseman, the appellant, then filed this bill, setting up against these slaves, a mortgage executed to him by John D. Young, dated after the mortgage to Wickliffe, and before the date of the sale to William D. Young, and praying a foreclosure and sale of the slaves.

Besides other grounds of defence which need not be noticed, William D. Young sets out his bill of sale from John D. Young with warranty against all but Wickliffe, whose claim he has extinguished. He denies notice or knowledge of the mortgage of the complainant, insists on his adverse possession, and pleads and relies on the statute of limitations to bar the recovery.

The court below took an account of the hire of the slaves while William D. Young held them, and having ascertained that the hire exceeded the amount of Wickliffe's mortgage, refused to allow to William D. Young, the amount of the original purchase money, and decreed a foreclosure of the equity of redemption and a sale of the slaves. From this decree William D. Young has appealed.

The most important question is, what effect is the statute of limitations to have? It was held in Virginia, Ross vs. Newell, 1 Wash. 14, that the statute of limitations of five years did not apply between mortgagor and morgagee of slaves, and that twenty years was necessary. But this is on account of the trust existing between the parties; and it is admitted in the same case, that although the statute will not

Young &c.
vs.
Wiseman.

Wiseman's bill.

Young's answer.

Vendee of the mortgagor of slaves, uninformed of the mortgage, holding adverse to his lien for five years, is protected by the

YOUNG &c.
vs.
WISEMAN.

bar against
the mortga-
gor's action
at law, or
bill, to en-
force his lien.

run between trustee and *cestuique trust*, it nevertheless will do so, between the trustee and strangers. And in the case of Harrison vs. Harrison, 1 Call. 428, it is expressly held that the statute will run against the trustee in favor of disseizors and tort feasors holding adversely to both.

The rule is also well settled by Chancellor Kent, in Kane vs. Bloodgood, 7 John. Ch. Rep. 90, and Roasevelt vs. Mark, 6 John. Chy. Rep. 266, that time does not run, in the case of mere technical trusts, the creatures of a court of equity. But where the trust is constructive only, or is cognizable at law as well as equity, the statute can in general be pleaded, either in equity or at law, where there has been an actual possession. The condition of the mortgage of the complainant was forfeited more than five years when he brought his bill. If William D. Young had gotten this property by tort, or tresspass, there is no doubt he could protect himself by the lien of five years. Why then should he be in a worse situation when he has come by it honest-ly and innocently. He was driven into a purchase by the failure of John D. Young, his principal, to pay the price, and had to give the additional price of Wickliffe's mortgage. Had he known of the mortgage of the complainant, and been assured that he must lift that also, he never could, acting with ordinary prudence, have been willing to have bought the slaves. To pay their price, and then both mortgages, would have been worse than losing the price altogether. The presumption is therefore strong in favor of his answer, that he did not know of the mortgage in question, and he took the slaves, holding them adversely against all except Wickliffe. If he had taken these slaves by violence, the statute would have shielded him; if he has been deluded into the purchase by the mortgagor, ignorantly, and innocently, the statute will protect him.

That the
mortgage had
been duly re-
corded, does
not affect the
case.

It is true the mortgage of the complainint has been recorded. But this, although it may force up-on William D. Young constructive notice, so that the title he acquired could not be good without the statute in his favor, yet this constructive notice does

not prevent the operation of the statute, provided the possession is such as the law calls adverse.

We therefore conceive that the statute is a bar in equity, as it would have been at law, if this was a legal action.

The decree of the court below is therefore reversed, with costs, and the cause remanded with directions to dismiss the bill with costs.

*Crittenden* and *Wickliffe* for appellant; *Chinn* for appellee.